UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **CARL EMERSON TRAVIS,**  Defendants. | 2-24-CR-20237-TGB-KGA  HON. TERRENCE G. BERG  **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**  **(ECF NO. 49)** |

Carl Emerson Travis is charged with assaulting officers of the United States Marshals Services engaged in the performance of their official duties, using a deadly and dangerous weapon: his vehicle. ECF No. 1, PageID.5. Specifically, the government charges Travis with violating 18 U.S.C. § 111(a)(1), (b).

Travis now moves to dismiss Counts 3 through 7 of the Indictment against him. ECF No. 49. In his motion, Travis advances the argument that the Indictment (ECF No. 9) should be dismissed because it alleges that he assaulted seven federal officers, while he only came into physical contact with two of them. ECF No. 49, PageID.257. Travis argues that the indictment is therefore defective: "The government has . . . only alleged the same bare bones allegations in each of the seven counts . . . . the only language that changes from count to count are the initials of the officers." *Id.* As a second reason for dismissal, Travis contends that Counts 3 through 7 of the Indictment "should be dismissed on the

grounds of either multiplicity or lack of specificity." *Id.* at PageID.254. After reviewing the arguments presented as well as the law cited by Travis and the Government in their Response, ECF No. 51, Travis' Motion to Dismiss will be **DENIED**.

### A. Multiplicity

Travis argues that Counts 3 through 7 should be dismissed because they are "multiplicitous." ECF No. 49, PageID.258. While Travis does not explain this argument, the defect of multiplicity occurs when an indictment improperly charges what is really a single offense in several counts. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). "If each 'charge requires proof of a fact that the other charge does not . . . then the charges accuse different crimes and are therefore not multiplicitous.'" *United States v. Roberts*, 84 F.4th 659, 672 (6th Cir. 2023) (*quoting United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017)).

In the present Indictment, it is beyond cavil that as to each charge presented against Travis, proof of a distinct and separate fact must be presented. This is because each charge accuses Travis of assaulting a separate and distinct officer. The proof will necessarily differ as to each count. *See* ECF No. 9, PageID.14-18. Travis does not dispute this, as he writes in his Motion to Dismiss, "the only language that changes from count to count are the initials of the officers." ECF No. 49, PageID.257. Those initials, representing the identities of the different officers, are required facts for each charge that are absent from the other charges.

2

Because Travis' conduct as it impacted each officer will vary according to the facts and circumstances of each officer, proof as to each count will necessarily differ in some degree. The Indictment therefore is not multiplicitous and the motion may not be granted on this ground. *See Roberts*, 84 F.4th at 672.

## B. Specificity

Travis also alleges that Counts 3 through 7 of his indictment lack specificity. ECF No. 49, PageID.256-58. He cites *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) for the principle that the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Travis argues that because the Indictment "alleg[es] the same bare bones allegations in each of the seven counts", it is insufficiently specific. ECF No. 49, PageID.257.

A review of the language used in the counts of the Indictment reveals that sufficient detail is provided to meet the test from *Hamling*.

For example, Count Seven charges:

> 18 U.S.C. § 111(a)(1), (b)
>
> *Assault of a Federal Officer*
>
> On or about March 29, 2024, in the Eastern District of Michigan, Southern Division, the defendant, CARL EMERSON TRAVIS, forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with an officer and

3

>employee of an agency in a branch of the United States Government, to wit: T.M., a deputy of the United States Marshals Service, while T.M. was engaged in the performance of his official duties; and, while in the commission of said acts, CARL EMERSON TRAVIS used a deadly and dangerous weapon, specifically, a vehicle; all in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

ECF No. 9, PageID.18.

Each of the counts in the Indictment track this language and provide a clear and specific statement of the facts that fully inform the defendant as to the offense that is charged. Each Count alleges that on March 29, 2024, Travis assaulted a United States Marshals Service deputy while the deputy was engaged in official duties, and that Travis used a vehicle to do so. It is not necessary for the Indictment to provide a summary of the evidence that will be presented in order to prove the charge. *See United States v. Bradley*, 917 F.3d 493, 504 (6th Cir. 2019) ("The indictment must inform the defendant of the charges against him, but it need not inform him point-by-point of the manner in which the government will prove its case."). It need only give the defendant adequate notice of the basic facts constituting the crime of which he is accused. These charges are specific enough to meet the standard the Supreme Court set forth in *Hamling*.

In addition to providing the basic facts, the language of the Indictment clearly tracks the language of the relevant criminal statute,

4

18 U.S.C. § 111(a)(1), 111(b). The Sixth Circuit has noted that an indictment "that clearly tracks the language of the relevant criminal statute sufficiently contains the elements of the offense" is sufficient to fairly inform the defendant of the charge to be defended. *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010). Such is the case here.

**C. Conclusion**

For the reasons stated, the Indictment against Travis is not multiplicitous, and it is sufficiently specific. Travis' Motion to Dismiss will therefore be **DENIED**.

**SO ORDERED.**

Dated: May 29, 2025         /s/Terrence G. Berg
                                                 HON. TERRENCE G. BERG
                                                 UNITED STATES DISTRICT JUDGE