UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **CARL EMERSON TRAVIS,** Defendant. | 2:24-CR-20237-TGB-KGA HON. TERRENCE G. BERG **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY RELEASE TO ALLOW DEFENDANT TO ATTEND HIS DAUGHTER'S FUNERAL (ECF. NO. 60)** |

On October 29, 2025, this Court sentenced Defendant Carl Emerson Travis to a 180-month term of imprisonment. On the same day, Mr. Travis filed a motion to allow him to attend his daughter's funeral, scheduled for November 1, 2025. *See* ECF No. 60. The Government opposes this motion. *See* ECF No. 61. Because the Court lacks the authority to grant the relief sought, Mr. Travis's motion is **DENIED**.

The Court does not have the authority to release Mr. Travis under Chapter 207 — Release and Detention Pending Judicial Proceedings — of Title 18, *see* 18 U.S.C. §§ 3141–3156, because Mr. Travis has already been sentenced. Chapter 207 provides courts with the authority to release a person "pending imposition or execution of sentence." 18 U.S.C. § 3141(b). However, Mr. Davis's sentence was imposed and executed on October 29, 2025. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of

1

imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Williams*, 601 F. App'x 685, 687 (10th Cir. 2015) ("A federal sentence normally commences immediately following sentencing when, as here, the defendant is in primary federal custody."); *United States v. Nkanga*, 450 F. Supp. 3d 491, 496 (S.D.N.Y. 2020) (confirming that "'execution' and commencement are effectively synonymous" (collecting cases)). Thus, the Court lacks the authority to grant the relief sought under Chapter 207 of Title 18. Other courts have come to the same conclusion when assessing parallel circumstances. *See*, *e.g.*, *United States v. O'Neil*, No. 19-01832, 2023 WL 402212, at *1 (D.N.M. Jan. 25, 2023) (finding that the court lacked authority under § 3141 to grant furlough to attend a funeral when defendant had already been sentenced).

Instead, once a court has sentenced a person, the authority to temporarily release that person from the place of their imprisonment has been vested exclusively with the Bureau of Prisons ("BOP"). 18 U.S.C. § 3622 ("The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period."); *see also United States v. Walker*, No. 17-83, 2024 WL 3982766, at *3 (S.D. Ohio Aug. 28, 2024) ("As the Defendant was in the custody of the Bureau of Prisons … at the time of the funeral and the Emergency Motion, it was the province of the Bureau,

and not this Court, to determine whether Defendant could be released to attend the funeral."); *United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996) ("We agree with the district court that 18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons …, not the federal courts."). This statute specifically grants the BOP the authority to temporarily release a prisoner "for the purpose of … attending a funeral of a relative." 18 U.S.C. § 3622(a)(2).

Nor is the Court authorized to grant compassionate release or modify a team of imprisonment under these circumstances. Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed except" in three circumstances, none of which, as explained below, are present here.

First, the Bureau of Prisons has not moved for the compassionate release of Mr. Travis and Defendant has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." § 3582(c)(1)(A). Failure to comply with the exhaustion strictures set forth in the statute deprives a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Second, the sentence has not resulted "from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a); § 3582(c)(1)(B) (allowing for modification of an imposed term of imprisonment under "Rule 35 of the Federal Rules of Criminal Procedure"). Additionally, the Court is not

3

aware of any statute expressly permitting modification of an imposed term of imprisonment under these circumstances. *See* § 3582(c)(1)(B) (allowing for modification of an imposed term of imprisonment when "expressly permitted by statute").

Third, the sentencing range under which Mr. Travis was sentenced has not been lowered by the Sentencing Commission. *See* § 3582(c)(2).

Thus, because none of the exceptions enumerated under § 3582 are present, the Court is prohibited by statute from modifying Mr. Travis's term of imprisonment or granting compassionate release. *See, e.g.*, *O'Neil*, 2023 WL 402212, at *1.

Accordingly, the Court does not have the authority to grant Mr. Travis the relief he seeks. The Court notes that Mr. Travis may apply for furlough with the Bureau of Prisons under 28 C.F.R. § 570.

Defendant Travis's motion for temporary release to allow him to attend his daughter's funeral (ECF No. 60) is hereby **DENIED**.

**SO ORDERED.**

Dated: October 31, 2025         s/Terrence G. Berg
                                _____
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE